UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA WADE, | ) | CASE NO. 1: 11 CV 489 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kathleen B. Burke. The Report and Recommendation (ECF #15), submitted on January 6, 2012 is ADOPTED.

Plaintiff Brenda Wade filed this action seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision denying her applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C.§§ 416(i) and 423, and Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* Plaintiff challenges the Commissioner's determination that she was not disabled because she had the Residual Functional Capacity ("RFC") to perform her past relevant work as a bench

assembler. This matter was referred to Magistrate Judge Burke for a Report and Recommendation pursuant to Local Rule 72.2(b)(1).

Magistrate Judge Burke found that the Administrative Law Judge's ("ALJ") decision denying DIB and SSI was supported by substantial evidence, and that the ALJ applied the appropriate legal standards. Plaintiff timely filed her Objections to the Magistrate's Report and Recommendation. (ECF #16.) Defendant did not file a response to Plaintiff's Objections.

## I. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 72(b) Standard

Under Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1)(C), the District Court shall review *de novo* any finding or recommendation of the Magistrate Judge's Report and Recommendation that has been specifically objected to. Failure to make a timely objection to any aspect of the Report and Recommendation may waive the right to appellate review of the District Court's order. *U.S. v. Walters*, 628 F.2d 947, 950 (6th Cir. 1981). The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### B. Standard of Review for Administrative Law Judge Findings

The ALJ's finding in a social security hearing are conclusive if supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003). The ALJ's decision must be affirmed if the ALJ's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if

2

that evidence could support a contrary decision. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. It consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson*, 402 U.S. at 401.

## II. <u>ANALYSIS</u>

The ALJ resolved Plaintiff's claims at step four of the five-step sequential analysis required to determine whether a claimant meets the statutory standard for disability. *See* 20 C.F.R. § 404.1520(a). The five-step analysis can be summarized as follows:

1. If the claimant is doing substantial gainful activity, he is not disabled.

2. If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If the claimant is not doing substantial gainful activity, is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

4. If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity and use it to determine if the claimant's impairment prevents him from doing past relevant work. If the claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. If the claimant is unable to perform past relevant work, he is not disabled if, based on his vocational factors and residual functional capacity, he is capable of performing other work that exists in significant numbers in the national economy.

3

20 C.F.R. §§ 404.1520, 416.920(b)-(g). Under this analysis, the claimant has the burden of proof at steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at step five to establish whether the claimant has the RFC and vocational factors to perform work available in the national economy. *Id.*

In denying Plaintiff's claims for DIB and SSI at step four of the sequential analysis, the ALJ relied upon the testimony of a Vocational Expert ("VE"). Based upon the VE's testimony, the ALJ found that Plaintiff was capable of performing her past relevant work as a bench assembler as she actually performed it. (Tr. 14.)

Plaintiff objects to the finding that her employment as a bench assembler is past relevant work. Specifically, Plaintiff argues that her past work as a bench assembler does not constitute "substantial gainful activity."

In support of Plaintiff's claim that her past work as a bench assembler is not substantial gainful activity, Plaintiff states that, "over a twelve month period, Ms. Wade's earnings [as a bench assembler] averaged $455.82 per month, which was well below the substantial gainful activity level for the year 1999." (ECF. #16, p. 1.) Plaintiff claims that, because her earnings did not rise to the substantial gainful activity level, there is a presumption that this employment is not substantial gainful activity. (ECF #16, p. 2.) Plaintiff further claims that the ALJ neglected to make any findings to rebut the presumption. (ECF #16, p. 2.) Earnings of at least $500.00 per month between January of 1990 and June of 1999 are generally considered to constitute substantial gainful activity. 20 C.F.R. § 404.1574(b)(2). For the period July 1999 through December 2000, earnings of at least $700.00 per month are generally considered to constitute substantial gainful activity.

4

The Magistrate Judge found that Plaintiff's earnings as a bench assembler should be divided by a number less than twelve to determine monthly earning average, because Plaintiff also earned $2,970.00 at a different job in 1999, and there is no record evidence that Plaintiff performed both jobs simultaneously. Indeed, Plaintiff testified that her job as a bench assembler was a full-time one. (Tr. 24.) In light of this testimony – and Plaintiff's inconsistent testimony as to how long she worked at the bench assembler position at issue – the evidence establishes that the Magistrate Judge was correct to conclude that Plaintiff's earnings should be divided by a number less than twelve to determine monthly earning average. Plaintiff failed to provide any evidence regarding what that denominator should be. Plaintiff, who has the burden of proof at step four of the sequential analysis, has thus failed to establish that, based on her earnings alone, the ALJ erred in finding that her job as a bench assembler was substantial gainful activity and past relevant work.

The Magistrate Judge also correctly acknowledged that the regulations do not establish a bright line rule regarding what constitutes substantial gainful activity. *See* 20 C.F.R. § 303.1574. Rather, they set a level of earnings that presumptively constitute substantial gainful activity. 20 C.F.R. § 404.1574(b)(2); *see also Koss v. Schweiker*, 582 F. Supp. 518, 521 (S.D.N.Y. 1984) (noting that § 404.1574 earnings guidelines are not mandatory). Indeed, § 404.1574(b) specifically provides for the consideration of information other than earnings "if there is evidence indicating that [the claimant] may be engaging in substantial gainful activity or that [the claimant is] in a position to control when earnings are paid to [the claimant] or the amount of wages paid to [the claimant]." 20 C.F.R. § 404.1574(b)(3)(ii)(A).

Plaintiff objects to the Magistrate Judge's finding that she was in a position to control

the amount of wages she was paid. Plaintiff objects to this finding on the basis of her testimony that the bench assembler job was "demanding." However, Plaintiff also testified that she was paid at her job as a bench assembler based on the number of gaskets she produced, instead of receiving an hourly wage. (Tr. 36-38.) The more gaskets she produced, the more she was paid. (Tr. 36-38.) Plaintiff conceded that her employers "didn't push a lot" in terms of getting her to produce more gaskets. (Tr. 37.) Thus, Plaintiff's claim that her job was "demanding" is inapposite; according to her own testimony she controlled the amount she was paid. Accordingly, under the regulations, the ALJ reasonably relied upon the VE's testimony that Plaintiff's past work as a bench assembler constitutes substantial gainful activity and past relevant work.

Plaintiff also objects to the ALJ's finding that she is capable of performing the job of bench assembler as she actually performed it considering her RFC. At step four of the sequential analysis, a claimant will be found not disabled if the claimant possesses the RFC to perform past relevant work as it was actually performed or as it is generally performed in the national economy. 20 C.F.R. § 404.1560(b)(2). The RFC is the most an individual can do despite his or her limitations. 20 C.F.R. §416.945(a)(1). The RFC thus exists to describe a person's abilities, *i.e.*, what they can and cannot do, not their maladies. *See Howard v. Comm'r Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

Here, the ALJ found that Plaintiff is capable of performing her past relevant work as a bench assembler as she actually performed it. Plaintiff claims that the ALJ "unreasonably relied upon the testimony of the vocational expert" to reach this conclusion. (ECF #12, pp. 6-7.)

Plaintiff's argument is meritless. The record reflects that the VE listened to Plaintiff's

6

testimony regarding how she performed her past jobs and based his opinions on her testimony. Plaintiff has failed to establish otherwise. *See Jones v. Comm'r of Soc. Soc.*, 336 F.3d at 474. Thus, Plaintiff has failed to meet her burden to prove that she is precluded from performing her past relevant work. *See id.*

### III. CONCLUSION

The Court finds Magistrate Judge Burke's Report and Recommendation to be thorough, well-written, well-supported, and correct on all issues addressed therein. The Magistrate's Report and Recommendation fully and correctly addresses all of Plaintiff's claims and Plaintiff's objections are not persuasive. The Court therefore adopts the Magistrate's Report in its entirety. The Commissioner's decision denying Plaintiff's applications for DIB and SSI is affirmed.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: March 23, 2012